**UNITED STATES DISTRICT COURT**
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**PEDRO BERNABE,**

Petitioner,

v. **No. 4:26-cv-00541-P**

**WARDEN, FMC FORT WORTH,**

Respondent.

## OPINION AND ORDER

Before the Court is the petition of Pedro Bernabe under 28 U.S.C. § 2241 to vacate the order of a discipline hearing officer ("DHO") and reinstate 41 days of good conduct time. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition must be **DENIED**.

## THE PETITION

Petitioner challenges the outcome of a disciplinary charge that was brought against him at FMC Fort Worth, Incident Report No. 4174686, which resulted in the loss of good conduct time. He alleges that he was charged with possession of a cell phone that was not his. The DHO hearing was conducted by phone and Petitioner could not clearly hear or communicate with the DHO. Another inmate confessed to owning the phone, but the DHO refused to credit the testimony because the inmate lived in another cell. Petitioner then took responsibility to protect his cellmates.

Petitioner alleges a violation of due process and lack of "some evidence" to support the discipline. He also complains of the untimely delivery of the DHO report. He asks the Court to vacate the finding in the incident report, restore all lost good conduct time, and expunge the incident report.

## STANDARD OF REVIEW

Federal courts cannot retry every prison disciplinary dispute. *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). Rather, they may act only where arbitrary or capricious action is shown in connection with a disciplinary hearing that involves a liberty interest—that is, restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.[1] *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In such cases, due process is satisfied where the inmate receives: (1) 24-hour advanced written notice of the charges against him; (2) an opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement from the fact-finder that includes the evidence relied on and the reasons for the action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974); *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009). If those requirements are met, the court only looks to see whether there is some evidence in the record to support the findings made at the hearing. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455–56 (1985) ("Requiring a modicum of evidence to support a decision to revoke good time credits will help to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens."). Only where there is "no evidence whatsoever" will a prison disciplinary decision be overturned. *Reeves*, 19 F.3d at 1062.

## ANALYSIS

The inmate discipline program of the Bureau of Prisons is set forth at 28 C.F.R. §§ 541.1–541.8, and applies to all inmates designated to any prison, institution, or facility in which persons are held in custody by direction of, or under agreement with, the BOP. 28 C.F.R. § 541.2. Generally, the procedures are as follows: When staff or witnesses reasonably believe an inmate has committed a prohibited act, the staff member issues an incident report to the inmate, usually within 24

[1] Loss of commissary, phone, and visitation privileges do not implicate due process concerns. *See, e.g.*, *Malchi v. Thaler*, 211 F.3d 953, 958–59 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Likewise, segregated confinement does not present an atypical or significant hardship beyond the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Malchi*, 211 F.3d at 958.

hours. 28 C.F.R. § 541.5(a). After the inmate receives the report, a BOP staff member will investigate it, giving the inmate an opportunity to make a statement and request that witnesses be interviewed or evidence be obtained and reviewed. 28 C.F.R. § 541.5(b). The Unit Discipline Committee ("UDC") reviews the incident report and the inmate has an opportunity to appear and make a statement and present evidence. 28 C.F.R. § 541.7. The UDC can impose sanctions, except loss of good conduct time credit, FSA time credits, disciplinary segregation, or monetary fines. 28 C.F.R. § 541.7(f). It may refer the incident report to the DHO for further review. 28 C.F.R. § 541.7(g). The DHO conducts a hearing at which the inmate may appear and present evidence. 28 C.F.R. § 541.8. The inmate may also request and obtain the assistance of a staff representative. *Id.* If the DHO finds that the inmate committed a prohibited act, he may impose any of the available sanctions. *Id.* The inmate may appeal the decision and sanctions through the BOP administrative remedy program. *Id.*

In this case, on September 1, 2025, an officer found a cell phone and black case with a magnet magnetized under Petitioner's bed frame and issued Incident Report No. 4174686 for possession of a hazardous tool, a violation of the greatest severity level. The investigating officer read Petitioner his rights, which Petitioner indicated he understood. Petitioner denied knowledge of the phone. The officer found the charge to be supported and forwarded the incident report to the UDC for further processing. On September 5, 2025, the UDC held a hearing and Petitioner told the chair that the phone was not his. The UDC referred the matter to the DHO due to the severity of the charge. Petitioner was notified that day and indicated that he did not want a staff representative, but did request a witness to testify. On September 16, 2025, the DHO conducted a hearing. Petitioner indicated that he had received a copy of the incident report, understood his rights, and was ready to proceed. Petitioner's witness testified that the phone was his, although he did not live in that cell. Petitioner stated that he was taking responsibility for the phone. The DHO concluded that Petitioner was guilty because the witness did not live in the cell and Petitioner was responsible for keeping his cell free of contraband. He imposed as

sanctions the disallowance of 41 days' good conduct time and loss of commissary, phone, and visitation privileges for 120 days. Petitioner was informed of the ruling (including the reasons for it) and of his right to appeal. Petitioner received a copy of the ruling on October 23, 2025. ECF No. 8, App. 002–006.

The record thus establishes that the requirements of *Wolff* were met. Contrary to Petitioner's allegation, the DHO considered the statement of the witness but determined that Petitioner was responsible for his own space. *See United States v. McKnight*, 953 F.2d 898, 901 (5th Cir. 1992) (one has constructive possession of contraband if he knowingly has ownership, dominion, or control over the contraband itself or over the premises in which the contraband is located). He admitted that the phone was attached to his bedframe. Further, Petitioner was not required to make any statement, but he chose to do so. His alleged reason for making the statement does not change the fact that he did so. Finally, although Petitioner alleges that there was a delay in his receipt of the DHO ruling, the record reflects that he appealed the ruling. ECF No. 1 at 8–9.[2]

## CONCLUSION

For the reasons discussed, the petition is **DENIED**.

**SO ORDERED** on this **14th day of September 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

[2] The page number references to the petition are to "Page __ of 11" reflected at the top right portion of the document on the Court's electronic filing system.